UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOUSTON JACKSON, III,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 3:13-cv-05201-KLS

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On August 19, 2009, plaintiff filed an application for disability insurance benefits, alleging disability as of August 1, 2008. See ECF #8, Administrative Record ("AR") 27. That application was denied upon initial administrative review on April 22, 2010, and on reconsideration on September 13, 2010. See id. A hearing was held before an administrative law judge ("ALJ") on November 7, 2011, at which plaintiff, represented by counsel, appeared and

ORDER - 1

1   testified, as did a vocational expert. See AR 38-73.

2         In a decision dated December 30, 2011, the ALJ determined plaintiff to be not disabled.

3   See AR 27-33.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals

4   Council on February 21, 2013, making the ALJ's decision the final decision of the

5   Commissioner of Social Security (the "Commissioner"). See AR 1; see also 20 C.F.R. § 404.981.

6   On March 19, 2013, plaintiff filed a complaint in this Court seeking judicial review of the

7

8   Commissioner's final decision. See ECF #1.  The administrative record was filed with the Court

9   on May 22, 2013. See ECF #8.  The parties have completed their briefing, and thus this matter is

10  now ripe for the Court's review.

11        Plaintiff argues the Commissioner's final decision should be reversed and remanded for

12  an award of benefits, or in the alternative for further administrative proceedings, because the ALJ

13  erred: (1) in failing to find his cervical and lumbar spine conditions were severe impairments; (2)

14

15  in failing to properly consider whether his impairments met or medically equaled the criteria of

16  20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02 (major dysfunction of a joint(s)) and § 1.04

17  (disorders of the spine); and (3) in assessing his residual functional capacity.  For the reasons set

18  forth below, however, the Court disagrees that the ALJ erred in determining plaintiff to be not

19  disabled, and therefore finds defendant's decision to deny benefits should be affirmed.

20                                                            DISCUSSION

21
          The determination of the Commissioner that a claimant is not disabled must be upheld by
22
    the Court, if the "proper legal standards" have been applied by the Commissioner, and the
23
24  "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler,

25  785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security

26  Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D.

ORDER - 2

Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.   The ALJ's Step Two Determination

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

evaluation process ends. See id.  At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520.  An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1.  Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b); SSR 85- 28, 1985 WL 56856 *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988).  Plaintiff has the burden of proving that his "impairments or their symptoms affect [his] ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).  The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen, 80 F.3d at 1290.

The ALJ in this case found plaintiff's osteoarthritis of the right knee and hip to be a severe impairment, but not his history of recurrent osteomyelitis. See AR 29.  Plaintiff argues the ALJ erred by failing to address the issue of whether his cervical and lumbar spine conditions also constitute severe impairments.  At least in regard to plaintiff's cervical spine condition, the Court agrees.  The record contains the opinion of non-examining, consultative physician, Robert Hoskins, M.D., whose functional assessment indicated plaintiff was limited to a modified range of light work, based on a primary diagnosis of degenerative changes in his bilateral hips and a secondary diagnosis of cervical spondylosis. See AR 304-11, 315.  The ALJ, furthermore, stated she was giving significant weight to that assessment in finding plaintiff had significant physical

ORDER - 4

functional limitations. See AR 30, 32.

Given that it appears that more than *de minimis* physical functional limitations assessed by Dr. Hoskins and adopted by the ALJ are based at least in part on plaintiff's cervical spine condition, the Court finds the ALJ erred in failing to find that condition severe at step two. That being said, the Court also finds this error to be harmless, because the ALJ went on to consider the functional assessment of Dr. Hoskins during the remaining steps of the sequential disability evaluation process (see AR 32), and plaintiff has not argued or shown the ALJ's stated reasons for relying on that assessment to have been improper.[2] Plaintiff, therefore, has failed to establish the ALJ committed any reversible error here.

II.    The ALJ's Findings at Step Three

At step three of the sequential disability evaluation process, the ALJ must evaluate the claimant's impairments to see if they meet or medically equal any of the impairments listed in 20 C.F. R. Part 404, Subpart P, Appendix 1 (the "Listings"). See 20 C.F.R § 416.920(d); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). If any of the claimant's impairments meet or medically equal a listed impairment, he or she is deemed disabled. Id. The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. See Tacket, 180 F.3d at 1098. "A generalized assertion of functional problems," however, "is not enough to establish disability at step three." Id. at 1100 (citing 20 C.F.R. § 404.1526).

---

[2] See Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (any error on part of ALJ would not have affected "ALJ's ultimate decision."); Hubbard v. Astrue, 2010 WL 1041553 *1 (9th Cir. 2010) (because claimant prevailed at step two and ALJ considered claimant's impairments later in sequential analysis, any error in omitting those impairments at step two was harmless) (citing Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's error in failing to list bursitis at step two harmless, where ALJ's decision showed any limitations posed thereby was considered later in sequential disability evaluation process); Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005) (any error by ALJ in failing to consider plaintiff's obesity at step two harmless, because ALJ did not err in evaluating plaintiff's impairments at later steps).

ORDER - 5

A mental or physical impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508, § 416.908.  It must be established by medical evidence "consisting of signs, symptoms, and laboratory findings." Id.; see also SSR 96-8p, 1996 WL 374184 *2 (determination that is conducted at step three must be made on basis of medical factors alone).  An impairment meets a listed impairment "only when it manifests the specific findings described in the set of medical criteria for that listed impairment." SSR 83-19, 1983 WL 31248 *2.

An impairment, or combination of impairments, equals a listed impairment "only if the medical findings (defined as a set of symptoms, signs, and laboratory findings) are at least equivalent in severity to the set of medical findings for the listed impairment." Id.; see also Sullivan v. Zebley, 493 U.S. 521, 531 (1990) ("For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.") (emphasis in original).  However, "symptoms alone" will not justify a finding of equivalence. Id.  The ALJ also "is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005).

The ALJ need not "state why a claimant failed to satisfy every different section of the listing of impairments." Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (finding ALJ did not err in failing to state what evidence supported conclusion that, or discuss why, claimant's impairments did not meet or exceed Listings).  This is particularly true where, as noted above,

the claimant has failed to set forth any reasons as to why the Listing criteria have been met or equaled. Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001) (finding ALJ's failure to discuss combined effect of claimant's impairments was not error, noting claimant offered no theory as to how, or point to any evidence to show, his impairments combined to equal a listed impairment).

The ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of any of those set forth in the Listings, explaining further as follows:

> Particular attention was given to medical listing *1.02 Major dysfunction of a joint(s)*. However, the specified criteria required of the listing was not demonstrated by the available medical evidence. Specifically, the listing requires gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and finding on appropriate medically acceptable imaging of joint space narrowing, bony destruction or ankylosis of the affected joint. The listing also requires involvement of one major peripheral weight-bearing joint resulting in inability to ambulate effectively as defined in [20 C.F.R. Part 404, Subpart P, Appendix 1, §] 1.00B2b. In this case, the evidence does not demonstrate that the claimant has the degree of difficulty in ambulating as defined in [20 C.F.R. Part 404, Subpart P, Appendix 1, §] 1.00B2b.

See AR 30. In support of his argument that the ALJ erred in so finding in regard to Listing 1.02, plaintiff points to diagnostic imagining and other medical evidence in the record showing he has multiple joint disorders and an altered gait. See ECF #10, p. 8. But "[t]he mere diagnosis of an impairment is insufficient proof of a disability," and plaintiff must establish more than an altered gait to meet or medically equal the criteria of Listing 1.02, which the objective medical evidence in the record does not support. See AR 276-81, 284-86, 301-11, 315, 350-54, 362, 364-65, 367-70, 394-98; 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02[3]; Matthews v. Shalala, 10 F.3d 678, 680

---

[3] Listing 1.02 provides in relevant part:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the

ORDER - 7

(9th Cir. 1993). Plaintiff also points to his own testimony regarding his difficulties ambulating, but as noted above, the step three determination is based on medical factors alone.

Plaintiff goes on to argue that the ALJ erred in failing to consider whether either of his spine conditions met or medically equaled Listing 1.04. But while, as discussed above, the ALJ erred in failing to find his cervical spine condition to be severe, plaintiff has failed to show the medical evidence in the record establishes that it meets or medically equals the criteria of Listing 1.04.[4] Thus, the ALJ's step three determination also is without reversible error.

---

    affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

    A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in [20 C.F.R. Part 404, Subpart P, Appendix 1, §] 1.00B2b; . . .

Id. Subsection 1.00B2b in turn provides:

    (1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see [20 C.F.R. Part 404, Subpart P, Appendix 1, §] 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. . . .

    (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00B2b.

[4] Listing 1.04 provides:

    1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

    A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

ORDER - 8

III.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2.  A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.  It thus is what the claimant "can still do despite his or her limitations." Id.

A claimant's residual functional capacity is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id.  However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id.  Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id.  In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ found plaintiff had the residual functional capacity:

**. . . to perform less than the full range of light work . . . in that he can stand for 2 hours and alternate between sitting and standing every 30**

---

or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

ORDER - 9

**minutes in an 8-hour workday.  He can occasionally climb ramps and stairs.  He can occasionally stoop, kneel or crouch.  He can never climb ropes, ladders or scaffolds or crawl.  He can perform work that does not require concentrated exposure to extreme cold or wetness.**

AR 30 (emphasis in original).  Plaintiff argues the record does not support the ALJ's assessment of his RFC here.  But other than again pointing to the ALJ's failure to explicitly address his spine conditions at step two, plaintiff offers no actual medical or other evidence that calls into question that assessment.  Indeed, as discussed above the objective medical evidence supports the ALJ's reliance on the functional assessment Dr. Hoskins provided, and plaintiff does not challenge the ALJ's determination that his subjective complaints are not fully credible.[5]  Here too, therefore, no reversible error has been demonstrated by plaintiff.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 20th day of March, 2014.

Karen L. Strombom
United States Magistrate Judge

---

[5] See Carmickle v. Commissioner of Social Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed); Paladin Associates., Inc. v. Montana Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003) (by failing to make argument in opening brief, objection to district court's grant of summary judgment was waived); Kim v. Kang, 154 F.3d 996, 1000 (9th Cir.1998) (matters on appeal not specifically and distinctly argued in opening brief ordinarily will not be considered).

ORDER - 10